IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. and DAWN R., *as Parents and Natural Guardians of a Minor, R.R.*, | |
| Plaintiffs, | CASE NO. 3:06-CV-01902 |
| v. | (JUDGE CAPUTO) |
| NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, SUSAN COMERFORD WZOREK, THE SCHOOL DISTRICT OF ABINGTON HEIGHTS, FRED R. ROSETTI, ED.D., CLARENCE LAMANNA, ED.D., DAVID ARNOLD, ED.D., WILLIAM MCNULTY, and MARIELLEN SLUKO, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants' Motion for Reconsideration (Docs. 40, 44, 50) of the Court's Memorandum and Order (Doc. 26), dated May 15, 2007, in which the Court granted in part and denied in part Defendants' Motion to Dismiss. (Docs. 5, 6, 7.) Because the Third Circuit Court of Appeals in *A.W. v. The Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007) recently held that a § 1983 action is not available to a plaintiff to remedy alleged violations of Individuals with Disabilities Education Act ("IDEA") created rights, the Court will grant the Defendants' motion.

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's May 15, 2007 Memorandum and Order, and therefore is not required to

be repeated in its entirety. Only the relevant facts will be discussed here.

On September 26, 2006, Defendants filed a notice of removal from the Court of Common Pleas of Lackawanna County, Pennsylvania to this Court, based on Plaintiffs' inclusion of federal causes of action in their Amended Complaint. (Doc. 1 Ex. 3.) On October 2, 2006, Defendant Wzorek filed her motion to dismiss. (Doc. 5.) On this same date, Defendants Northeastern Educational Intermediate Unit ("NEIU"), Rosetti, and Lamanna filed their motion to dismiss (Doc. 6.) On the following day, October 3, 2006, Defendants Arnold, McNulty, Sluko, and the School District filed their motion to dismiss. (Doc. 7.) This Court granted in part and denied in part Defendants' motions to dismiss. All of the Defendants' motions to dismiss with respect to IDEA claims brought pursuant to § 1983 in Count I were denied.

On June 18, 2007, Defendants NEIU, Rosetti, and Lamanna filed the present Motion for Reconsideration. (Doc. 40.) On June 26, 2007, Defendants Arnold, McNulty, Sluko and the School District filed their Motion for Reconsideration. (Doc. 44.) On July 6, 2007, Defendant Wzorek filed her Motion for Reconsideration. (Doc. 50.) This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or

amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Defendants argue that Count I of the Plaintiffs' Amended Complaint should be dismissed based upon the recent Third Circuit Court of Appeals decision in *A.W. v. The Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007).

In *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995), the Third Circuit Court of Appeals held that an action for violations of IDEA could be brought against school officials under section 1983. However, this holding was questioned by the Fourth and Tenth Circuits,

3

who both held that plaintiffs could not sue pursuant to section 1983 for IDEA violations. *See Sellers v. Sch. Bd. Of Manassas, Virginia*, 141 F.3d 524 (4th Cir. 1998); *Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268 (10th Cir. 2000). In response to differing opinions between the circuits, the Supreme Court decided *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005) regarding the general availability of § 1983 to redress violations of federal statutory rights.

In *A.W.*, the Third Circuit Court of Appeals revisited the issue as to whether school officials could be sued pursuant to section 1983 based upon alleged violations of IDEA. Guided by the Supreme Court's decision in *Rancho Palos Verdes*, the Third Circuit Court of Appeals overturned *W.B.*, and held that "the [Supreme] Court has continued to refer to IDEA as an example of a statutory enforcement scheme that precludes a § 1983 remedy." *A.W.*, 486 F.3d at 803. The court further held that

> The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate education to such child." Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by A.W.

*Id.* (citing 20 U.S.C. § 1415(b)(6)). Given the holding of *A.W.*, it appears that the Third Circuit Court of Appeals did not intend to preclude all IDEA causes of action from § 1983.

However, the case at bar is analogous to *A.W.* Count I of Plaintiffs' Amended Complaint is titled, "Violation of Civil Rights - 42 U.S.C. Section 1983 and the I.D.E.A." Thus, Plaintiffs intended to bring an IDEA claim pursuant to § 1983. Furthermore, the Amended Complaint alleges that "Defendants have failed to provide the minor/Plaintiff with a free appropriate education from the moment of her enrollment. . . ." (Am. Compl. ¶

4

56, Doc. 1 Ex. 2.)  Throughout Count I, Plaintiffs make numerous references to the minor-Plaintiff's "free appropriate public education."  Thus, Plaintiffs' claims are based upon IDEA's 20 U.S.C. § 1415(b)(6), which provides for "An opportunity for any party to present a complaint - with respect to . . . the provision of a free appropriate public education to such child."  Such a claim is no longer permitted pursuant to § 1983.  *A.W.*, 486 F.3d at 802; *L.T. v. Mansfield Twp. Sch. Dist.*, Civ. A. No. 04-1381, 2007 WL 2332308 (D.N.J. Aug. 10, 2007) (holding that no remedy is available pursuant to § 1983 when the IDEA claim is based on "free appropriate education" under IDEA).  The Third Circuit Court of Appeals has held that plaintiffs are precluded from a remedy based upon "free appropriate education" pursuant to § 1983.  *A.W.*, 486 F.3d at 802.  The Plaintiffs' redress pursuant to IDEA violations belongs to IDEA's comprehensive remedial scheme. *Id.* at 803.

Plaintiffs argue that this factual scenario differs from *A.W.* because the instant case deals with the failure to receive a free appropriate public education based upon physical and emotional abuse suffered by the minor-Plaintiff.  However, *A.W.* held specifically that "The IDEA includes a judicial remedy for violations . . . 'relating to identification, evaluation, or educational placement . . . *or* the provision of a free appropriate public education to such child.'" *Id.* at 803 (emphasis added).  Although Plaintiffs' Count I does not allege violations based upon the "identification, evaluation or educational placement" of the minor-Plaintiff, Count I does allege violations based upon the "provision of a free appropriate public education."  The Third Circuit Court of Appeals specifically held that there was a remedy under IDEA for violations of "the provision of a

5

free appropriate public education," regardless of the underlying basis for such a violation. Other courts have noted that physical and emotional abuse fall within the ambit of "the provision of a free appropriate public education." *See Pullen v. Botetourt County Sch. Bd.*, Civ. No. 94-686-R, 1995 WL 738983, at *4 (W.D. Va. Feb. 13, 1995) ("The use of discipline and in-class instruction are closely related in providing a child with a free appropriate public education and are properly within the purview of IDEA. . . ."); *Mallory v. Knox County Sch. Dist.*, No. 3:06-CV-122, 2006 WL 3484015, at *6 (E.D. Tenn. Nov. 30, 2006) (holding that physical and mental abusive practices arising from excessive discipline are cognizable under IDEA). As Plaintiffs' claim in Count I is based in "the provision of a free appropriate public education," Plaintiffs have no remedy under § 1983.

Accordingly, due to the intervening change in controlling law, Plaintiffs no longer have a viable claim under IDEA pursuant to § 1983. For these reasons, Count I of Plaintiffs' Amended Complaint will be dismissed.

## CONCLUSION

For the reasons stated above, the Court will grant the Defendants' Motion for Reconsideration. (Docs. 40, 44, 50.)

An appropriate Order follows.


September 26, 2007                      /s/ A. Richard Caputo
Date                                    A. Richard Caputo
                                        United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. and DAWN R., *as Parents and Natural Guardians of a Minor, R.R.*, | |
| Plaintiffs, | CASE NO. 3:06-CV-01902 |
| v. | (JUDGE CAPUTO) |
| NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, SUSAN COMERFORD WZOREK, THE SCHOOL DISTRICT OF ABINGTON HEIGHTS, FRED R. ROSETTI, ED.D., CLARENCE LAMANNA, ED.D., DAVID ARNOLD, ED.D., WILLIAM MCNULTY, and MARIELLEN SLUKO, | |
| Defendants. | |

## **ORDER**

**NOW**, this __26th__ day of September, 2007, **IT IS HEREBY ORDERED** that the Defendants' Motion for Reconsideration (Docs. 40, 44, 50) is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge